**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENSTON HARRY, | |
| Petitioner, | No. 25cv14132 (EP) |
| v. | **OPINION** |
| WARDEN, FCI FORT DIX, | |
| Respondent | |

**PADIN, District Judge.**

This matter comes before the Court on Petitioner Kenston Harry's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. D.E. 1 ("Petition"). Petitioner is a federal prisoner housed in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"). Petition at 2.[1] Petitioner is serving a sentence imposed by the U.S. District Court, District of Connecticut in *United States v. Harry*, Crim. No. 21-98 (D. Conn.) ("*U.S. v. Harry*").[2] *Id.* In his Petition, he asserts actual innocence of the sentencing enhancements applied to his sentence under U.S.S.G. § 2D1.1(b), and seeks relief under § 2241, pursuant to the saving clause of 28 U.S.C. § 2255(e). *Id.*

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to Section 2241 cases through Rule 1(b), scope of the Rules, provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the

---

[1] The pages of the Petition are unnumbered. Therefore, the Court cites to the page numbers assigned on the Court's Case Management Electronic Case Filing ("CM/ECF") system.

[2] The records in Harry's criminal and civil cases in the District of Connecticut are available on Public Access to Court Electronic Records ("PACER"), available at https://pacer.uscourts.gov/.

district court, the judge must dismiss the petition." For the reasons discussed below, the Court will **DISMISS** the Petition for lack of jurisdiction.

## I. BACKGROUND

After trial, a jury found Harry guilty of drug trafficking charges. *U.S. v. Harry*, D.E. 579 ("Jury Verdict"). On September 7, 2023, the Honorable Janet Bond Arterton, U.S.D.J., entered Judgment, D.E. 774, and sentenced Harry to a 120-month term of imprisonment. Harry appealed his conviction and sentence. *Id.*, D.E. 767 ("Notice of Appeal"). On March 7, 2025, the Second Circuit Court of Appeals affirmed the judgment of the district court. *Id.*, D.E. 858 ("Mandate"). On May 30, 2025, Harry filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in his sentencing court. *Harry v. United States*, No. 25-861 (D. Conn.), D.E. 1 ("Motion to Vacate"). The Motion to Vacate is pending. *Id.* Harry did not raise the sentencing enhancement challenge he raises here in his Motion to Vacate. *Id.*

## II. DISCUSSION

"Congress created § 2255 as a separate remedial vehicle specifically designed for federal prisoners' collateral attacks on their sentences." *Jones v. Hendrix*, 599 U.S. 465, 473 (2023) (citation modified). The legislation was prompted by Congress' recognition of the serious administrative problems for district courts arising from federal prisoners filing collateral attacks on their sentences in their districts of confinement. *Id.* at 473-74. But Congress preserved the habeas remedy under § 2241 by including a saving clause in § 2255(e), applicable where "the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of [a prisoner's] detention." *Id.* at 474 (quoting § 2255(e)). In *Jones*, the Supreme Court held that the saving clause of § 2255(e) does not apply to claims based on nonconstitutional legal developments which were excluded from the second or successive provisions under § 2255(h). *Id.* at 479. The Court

explained that "allowing nonconstitutional claims to proceed under § 2241 would mean resurrecting the very problems § 2255 was supposed to put to rest." *Id.* (citation modified); *see also Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) ("It is the inefficacy of the remedy [under § 2255"], not the personal inability to use it, that is determinative.").

Against this backdrop, the Court finds that it lacks jurisdiction under § 2241 through the saving clause of § 2255(e) to hear Petitioner's claims. Petitioner must bring his claim—if permitted to amend his habeas petition—in his pending motion under 28 U.S.C. § 2255 in *U.S. v. Harry*.

### III. CONCLUSION

This Court lacks jurisdiction under 28 U.S.C. § 2241 over Harry's sentencing challenge to the Judgment entered in the U.S. District Court, District of Connecticut. Therefore, the Court will **DISMISS** the Petition, D.E. 1, ***without prejudice***.[3]

An appropriate Order follows.

Dated:  January 22, 2026

_____
Evelyn Padin, U.S.D.J.

---

[3] The Court dismisses the Petition without prejudice as it does not reach its merits. *See K.K.-M. v. New Jersey Dep't of Educ.*, 801 F. App'x 848, 849 (3d Cir. 2020) (citing *Kamal v. J. Crew Group, Inc.*, 918 F.3d 102, 119 (2019)).

3